FILED
SUPERIOR COURT
OF GUAM

2018 FEB -9 PM 4: 52

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0294-16 |
| vs. | **DECISION AND ORDER** |
| HECTOR C. DEVERA and MONICA ANN NINETE DEVERA, | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 24, 2017, for a continued Motion Hearing. Both defendants Hector C. DeVera and Monica Ann Ninete DeVera filed their own respective suppression motions. Defendant Hector C. DeVera ("Hector") was present with his counsel, Jeffrey A. Moots, and Co-Defendant Monica Ann Ninete DeVera ("Monica") was present with her counsel, Howard Trapp. Assistant Attorney General James C. Collins was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On May 16, 2016, Hector and Monica were each indicted with the following charges: (1) Manufacture of a Schedule I Controlled Substance (As a First Degree Felony); (2) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree

Felony); (3) Possession of a Schedule II Controlled Substance (As a Third Degree Felony) – 2 Counts; and (4) Possession of More than an Ounce of Marijuana (As a Petty Misdemeanor). (Indictment, May 16, 2016). These charges stem from the discovery of drugs and drug paraphernalia at defendants' residence during the execution of a search warrant on May 5, 2016. (Decl. of James C. Collins, Magistrate's Compl., May 7, 2016).

On June 8, 2016, Monica filed her Motion for the Suppression of Evidence, attaching a copy of the executed search warrant and a copy of the affidavit in support of the warrant as exhibits. On June 24, 2016, the Government filed its Opposition. On June 29, 2016, Monica filed her Reply.

On August 10, 2016, at the first calendared Motion Hearing, Hector indicated he requested a continuance to review the motion and file his own brief. On August 18, 2016, Hector filed his Motion to Suppress Evidence, joining in the Motion for Suppression of Evidence filed by co-defendant Monica.

After a period of time and a subsequent ruling on a discovery motion,[1] the parties returned to Court and indicated that there would be no further testimony or evidence required to resolve the motion. At the hearing, Hector submitted to the Court a Declaration in support of his Motion. The Court gave the parties leave to submit proposed findings of fact and conclusions of law within three weeks, and indicated it would take the matter under advisement at the conclusion of that time period. On October 30, 2017, the Court received Proposed Findings of Fact and Conclusions of Law from the Government ("Gov't FFCL"). No proposed findings were submitted by either defendant.

## DISCUSSION

The first issue before the Court is whether the affidavit attached to the search warrant provided sufficient basis for the issuing judge to find probable cause. Defendants argue that the affidavit supporting the warrant was insufficient. "A finding of probable cause can be

---

[1] The Court granted Hector's Motion for Discovery and ordered the Government turn over a recording of a statement made by Defendant to an agent of the Government, the SOI, during the alleged controlled buy operation on April 18, 2016 at his residence.

supported by less evidence than is required to support a conviction." *United States v. Cochrane*, 896 F.2d 635, 641 (1st Cir. 1990) (citation omitted). "The purpose of a search warrant affidavit, and a confidential informant's contribution thereto, is simply to establish that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (internal quotation marks omitted).

This Court's review of "a probable cause determination by another judge on the same court should ensure that the issuing judge had a substantial basis for concluding that probable cause exists." *People v. Gallo*, 2017 Guam 24 ¶ 25. The Court "may not suppress evidence based upon a lack of probable cause unless the issuing court's probable cause determination was clearly erroneous." *Id.* Thus, it is not this Court's role to make its own assessment as to whether probable cause through a *de novo* review, but to give great deference to the issuing court, so long as there is a substantial basis for concluding that probable cause existed.

In this case, an affidavit was submitted by GPD Officer Brian D. Awa to the issuing court in support of the Search Warrant. The affidavit provides that a control buy was coordinated with a Source of Information ("SOI") to investigate a Target of Interest – Hector DeVera. The officers conducting this operation met with the SOI who indicated to them that Hector was selling drugs at his residence. The officers coordinated with the SOI to purchase drugs from Hector on April 18, 2016, observed the SOI arrive at the residence where the purchase was made, and escorted the SOI back to the office where the drugs were immediately confiscated and tested presumptive positive for methamphetamines. *See* Monica Mot. Suppress, Ex. C. The SOI was equipped with a digital recording device which recorded the encounter. *Id.* On May 4 and 5, 2016, officers also conducted visual surveillance of Hector, observing on May 4th at 6:00 a.m., that within the hour, several different vehicles would arrive at the residence and would leave immediately, and then on May 5th that at 6:30 a.m. he was followed to Tiyan High School, Harmon Industrial Park, and then FHP where he met with another individual and they stayed within their vehicles parked next to each other. *Id.*

Although the controlled buy took place on April 18, 2016, the Search Warrant was not obtained until May 5, 2016. Defendants argue that the information in the affidavit was stale in

that "there was an unreasonable lapse of time between the date on which it was alleged to have been acquired and the date on which the warrant was issued." (Monica Mot. Suppress at 2; Hector Mot. Suppress at 3). "[W]hether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized." *United States v. Mathis*, 357 F.3d 1200, 1207 (10th Cir. 2004) (citation omitted). In this case, a controlled buy took place with an SOI and then observations were later made by the officers on May 4, 2016 and May 5, 2016 of cars arriving and immediately departing the residence, and Hector leaving the residence to meet up with another individual in a vehicle and then returning home. Officer Awa's Affidavit provides a description of these specific observations supporting a conclusion that drug dealing may be occurring at defendants' residence. *See Gates*, 462 U.S. at 239 ("Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others."). While the initial transaction may have occurred more than a week prior to these observations, the Court recognizes that this matter involves allegations of drug dealing, which is "a continuing pattern of criminal conduct, not a crime consisting of a single transaction." *Cochrane*, 896 F.2d at 642 (citations omitted). *See also United States v. Formaro*, 152 F.3d 768, 771 (8th Cir. 1998) ("where continuing criminal activity is suspected, the passage of time is less significant."). Therefore, the Court does not find that the information was stale.

Lastly, Hector alleges that the "[a]ffidavit left out critical information which [if] provided to the issuing judge would have led to a different outcome." (Hector Mot. Suppress at 3). Hector does not specify what information was left out in particular; however, he has provided statements in his Declaration submitted to the Court on October 24, 2017, indicating that on the night of the alleged controlled buy, he was hosting a barbeque at his house for his wife's birthday, as well as reasons why he was driving around the morning of May 5th, 2016. *See* Decl. of Hector C. DeVera.

"There is . . . a presumption of validity with respect to the affidavit supporting the search warrant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if:

> he can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information; i.e., the challenged statements or omissions are material. If both requirements are met, the search warrant must be voided and the fruits of the search excluded." *United States v. Kleinman*, -- F.3d -- (9th Cir. 2017), 2017 WL 6997333 at 12* (citations omitted).

The Government argues that while Hector submitted a Declaration with statements offering explanations for what may have occurred, he did not present to the Court as evidence in support of his position, the recording generated by the SOI of the controlled buy occurring on April 18, 2016, "evidence that could clearly have exonerated Hector had that recording appeared to depict a birthday party rather than a drug deal." (Gov't FFCL at 9-10). The Court is inclined to agree, and finds that Hector has not made a substantial preliminary showing that the affidavit contained misleading omissions, and that there is no basis to invalidate the search warrant on this basis.

Therefore, the Court, in applying a deferential standard of review, finds that the issuing court had a substantial basis for its finding of probable cause based on these facts, and DENIES defendants' motions to suppress.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Monica's Motion for Suppression of Evidence and Hector's Motion to Suppress Evidence. A Further Proceedings is set for ___MAR 1 9 2018___ at __9 am__ cd

IT IS SO ORDERED this __9th__ day of February, 2018.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

FEB -9 2018
Date:_____ Time: 5PM

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

Deputy Clerk, Superior Court of Guam

*People v. DeVara and DeVara*
Case No.CF0294-16
Decision and Order